UNITED STATES COURT OF APPEALS
**Filed 7/2/96**
FOR THE TENTH CIRCUIT

LOUIS S. BARRETT,

    Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner of
Social Security,[*]

    Defendant-Appellee.

No. 95-5222
(D.C. No. 94-C-17-W)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

Before EBEL, BARRETT, and HENRY, Circuit Judges.

---

[*]    Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Louis S. Barrett appeals from an order of the magistrate judge, sitting for the district court by consent of the parties pursuant to 28 U.S.C. § 636(c), affirming the Secretary's decision denying Social Security disability benefits. The magistrate judge's decision more fully sets forth the detailed facts, and we only briefly repeat them here.

Claimant claimed a disability onset date of October 9, 1990, alleging disability due to diverticulitis and chest pains from a 1987 heart attack. His insured status expired on December 31, 1990; thus, to be entitled to disability benefits, claimant must prove he was totally disabled by that date. Kepler v. Chater, 68 F.3d 387, 389 (10th Cir. 1995). Claimant's request was denied initially and on reconsideration. Following a de novo hearing, the administrative law judge (ALJ) denied benefits at step four of the five-part sequential process for determining disability. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988)(discussing five-step process). The ALJ determined that claimant retained the residual functional capacity to perform light work and, therefore, could return to his past relevant work as a supervising painting contractor. R. Vol. II at 22-23. Thus, the ALJ determined that claimant was not disabled. The Appeals Council affirmed, as did the magistrate judge

on appeal to the district court. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. §§ 636(c) and 1291, and we affirm.

At step four, claimant bears the burden to establish that he cannot return to his past relevant work. See Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence in the record viewed as a whole and whether the correct legal standards were applied. Andrade v. Secretary of Health & Human Servs. 985 F.2d 1045, 1047 (10th Cir. 1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quotation omitted). We may "neither reweigh the evidence nor substitute our judgment for that of the [Secretary]." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

On appeal, claimant first contends the ALJ ignored his allegations of pain from diverticulitis after concluding there was no medical evidence demonstrating he suffered from disabling pain, and that the ALJ failed to consider whether his pain caused functional restrictions. As explained by the magistrate judge, the record does not support claimant's contention. R. Vol. I at 8-13.

Claimant initially complained of abdominal pain to his treating physician in October 1990. Claimant then saw another treating physician about his abdominal pain in November 1990, who diagnosed claimant as having diverticulitis. The medical notes from the

3

November 1990 visit state that claimant was being treated with antibiotics "which control the discomfort while he is taking them only to have the discomfort reoccur when he stops," R. Vol. II at 232. Claimant's treating physicians did not describe the degree of pain described by claimant at the hearing, nor did they diagnose claimant as having disabling pain. However, contrary to claimant's contention, the ALJ did not ignore claimant's testimony concerning his allegations of pain merely because there was no medical evidence that his pain was disabling.

Because claimant presented medical evidence that he suffers from diverticulitis, a condition reasonably likely to produce some pain, the ALJ was required to determine whether that pain was disabling by considering all relevant factors. See Luna v. Bowen, 834 F.2d 161, 164 (10th Cir. 1987). This analysis was done by the ALJ, who first noted the lack of medical evidence that such pain was totally disabling and then found that claimant's subjective allegations of pain were not credible. As more fully detailed by the magistrate judge, the ALJ properly evaluated claimant's pain allegations by reviewing his attempts to obtain relief, his medications, their effectiveness and side effects, his daily activities, his credibility, and the consistency or compatibility of nonmedical testimony with objective medical evidence. R. Vol. I at 9-13; see Luna, 834 F.2d at 165-66.

Claimant contends that the ALJ did not explain the basis of his credibility determination. See Kepler, 68 F.3d at 391 (holding that an ALJ must consider certain factors in assessing credibility, and must explain why specific evidence relevant to each factor

4

supports a conclusion that a claimant's subjective complaints are not credible). Again, claimant's contention is not supported by the record. The ALJ articulated specific reasons for questioning claimant's credibility. The ALJ observed that the claimant inconsistently testified he was only able to lift five pounds, yet also testified he was able to lift his twenty-five pound granddaughter. The ALJ also pointed out that claimant's nonmedical testimony concerning his chest pain from his previous heart attack was not consistent with the objective medical evidence of his heart condition. Finally, the ALJ noted that, despite doctor's orders to stop, claimant continued to smoke. This factor, together with other inconsistencies, indicated claimant's allegations of disabling chest pain were not credible. Although these factors do not relate directly to claimant's complaints of pain from his diverticulitis, they are relevant factors bearing on claimant's overall credibility. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." Id. (quotation omitted). We find no reason to disturb the ALJ's findings in this case.

Finally, claimant contends the ALJ's assessment of his residual functional capacity is not supported by substantial evidence. This contention is the same as claimant's first: that the ALJ did not consider the limiting effect of his diverticulitis pain. As explained above, and more fully in the magistrate judge's decision, the ALJ did consider claimant's allegations of pain, did review the evidence and the testimony, and did make specific findings as to

claimant's credibility and his ability to perform light work. R. Vol. I at 13-15, Vol. II at 21-23.

Our review of the record convinces us that there is substantial evidence to support the ALJ's decision that plaintiff was not disabled prior to the expiration of his insured status. For substantially the same reasons set forth in the magistrate judge's decision of August 22, 1995, the order of the magistrate judge sitting for the United States District Court for the Northern District of Oklahoma dated August 23, 1995 is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge