65 F.3d 178
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Alvin D. NEIGHBORS, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 95-7026.
 United States Court of Appeals, Tenth Circuit.
 Sept. 5, 1995.
 
 Before SEYMOUR, Chief Judge, MCKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[2]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Alvin D. Neighbors appeals from the decision of the district court affirming the Secretary's determination that he can return to his past relevant work and is therefore not disabled within the meaning of the Social Security Act. His only contention on appeal is that the Secretary's determination is not supported by substantial evidence.
 
 
 3
 The claimant bears the burden of proving his inability to perform past relevant work. Andrade v. Secretary of Health & Human Services, 985 F.2d 1045, 1050 (10th Cir.1993). This burden requires claimant to establish "his inability to return to his particular former job and to his former occupation as that occupation is generally performed throughout the national economy." Id. at 1051 (emphasis added). We have carefully reviewed the record, and we agree with the district court that there is substantial evidence in this record to support the ALJ's determination that Mr. Neighbors can perform his past relevant work as we have defined it.
 
 
 4
 We AFFIRM the district court substantially for the reasons set out in the Findings and Recommendations of the magistrate judge as adopted by the district court.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. Pub.L. No. 103-296, 108 Stat. 1464 (1994). Pursuant to Fed. R.App. P. 43(C), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470