79 F.3d 1156
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rudolph F. REYNOLDS, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Social Security
Administration,[1] Defendant-Appellee.
 No. 95-7112.
 United States Court of Appeals, Tenth Circuit.
 March 19, 1996.
 
 Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.
 ORDER AND JUDGMENT[2]
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Rudolph F. Reynolds appeals the Secretary's denial of his application for social security disability insurance benefits. The administrative law judge (ALJ) determined at step four that plaintiff retained the residual functional capacity to perform his past relevant work as a dishwasher, thus precluding a finding of disability.
 
 
 3
 On appeal, plaintiff argues that (1) the ALJ erred in characterizing his past relevant work as a dishwasher as light work; (2) the ALJ failed to make particularized findings regarding plaintiff's past work; and (3) the ALJ found plaintiff incapable of frequent bending and stooping, thus ruling out plaintiff's ability to perform his past work.
 
 
 4
 This court reviews the Secretary's decision to determine only whether [the] findings are supported by substantial evidence and whether the Secretary applied correct legal standards when making [the] decision. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. We cannot reweigh the evidence or substitute our judgment for that of the Secretary.
 
 
 5
 Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991) (citations omitted).
 
 
 6
 Plaintiff completed three different vocational reports describing his past work as a dishwasher. In all of those reports, plaintiff noted that his job required only occasional bending. See R. Vol. II-A at 119, 123, 130. Plaintiff's description of the heaviest weight lifted in his dishwashing job ranged from a low of ten pounds, id. at 130, to a high of fifty pounds, id. at 123. His evidence varies regarding the amount of weight he was frequently required to lift and/or carry. In one report, plaintiff alleged having to lift up to twenty-five pounds frequently. See id. at 119. In two other reports, however, plaintiff indicated that he frequently lifted only up to ten pounds. Id. at 123, 130. At his hearing, plaintiff testified that his job as a dishwasher required him to lift pots and pans, none of which weighed over twenty pounds. See id. at 50.
 
 
 7
 The Secretary's regulations define light work as that involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. 404.1567(b). Based on the evidence supplied by plaintiff regarding the actual demands of his past relevant work, the ALJ's conclusion that such work was light is supported by substantial evidence.
 
 
 8
 Plaintiff cites to the Dictionary of Occupational Titles which classifies the job of "kitchen helper" as medium work. United States Dep't of Labor, Dictionary of Occupational Titles 318.687-010 (4th ed.1991). Plaintiff argues that the ALJ, therefore, erred in determining that his past relevant work was light work. However, at step four, "[plaintiff] bears the burden of proving his inability to return to his particular former job and to his former occupation as that occupation is generally performed throughout the national economy." Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1051 (10th Cir.1993)(emphasis added). Because plaintiff failed to establish that he was unable, during the relevant period,[3] to perform the requirements of his particular dishwashing job as he performed it, the ALJ did not err in determining he was not disabled.
 
 
 9
 Plaintiff argues that the ALJ failed to make sufficiently particularized findings regarding the requirements of his past work. We disagree. In his recommended decision, the ALJ specifically discussed plaintiff's vocational report of July 5, 1989, in which plaintiff described the exertional requirements of his work as a dishwasher, and also included analysis of plaintiff's testimony regarding those requirements. See R. Vol. II-A at 24. This is adequate inquiry into the details of plaintiff's past work to satisfy the ALJ's duty under these circumstances.
 
 
 10
 The ALJ found that plaintiff was precluded from frequent bending or stooping. Id. at 25. Because the Dictionary of Occupational Titles describes the job of kitchen helper as involving frequent bending, plaintiff asserts error in the ALJ's conclusion that he can do his past relevant work. Again, plaintiff fails to realize that he must prove his inability to do his former job as he did it and as it is typically performed through the national economy. See Andrade, 985 F.2d at 1051. As noted above, plaintiff consistently reported that his past work as a dishwasher required only occasional bending. See R. Vol. II-A at 119, 123, 130. Thus the ALJ's conclusion that plaintiff could perform his past relevant work as a dishwasher, "as he performed it," id. at 25 (emphasis added), is supported by substantial evidence.
 
 
 11
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [3]
 Plaintiff met the insured status requirements through December 31, 1990