UNITED STATES COURT OF APPEALS
**Filed 10/2/96**
FOR THE TENTH CIRCUIT

FLOSSIE M. SCHROEDER,

       Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,[*]

       Defendant-Appellee.

No. 96-5030
(D.C. No. 93-C-984-M)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

Before BRISCOE and MURPHY, Circuit Judges, and VAN BEBBER,[***] District Judge.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Although the Commissioner has been substituted for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]     Honorable G. Thomas Van Bebber, Chief Judge, United States District Court for the District of Kansas, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Flossie M. Schroeder appeals the denial of her application for Supplemental Security Income Benefits under the Social Security Act. The Administrative Law Judge (ALJ) found, at step four, that claimant was able to do her past relevant work as a gas station cashier and thus was not disabled. Because we find that substantial evidence supports the conclusion of the ALJ and that the proper legal standards were applied, we affirm.

Claimant alleged disability due to the residual effects of eye surgery, high blood pressure, bronchitis, and weakness or numbness in her legs. The record indicates that claimant is also morbidly obese. On appeal, claimant argues that the ALJ erred in using a mechanical application of the regulations to characterize her work as a gas station cashier as past relevant work, that evidence of claimant's illiteracy would bar her from working as a gas station cashier, and that the ALJ failed to take claimant's obesity into account in reaching his decision. We address each of these contentions in turn.

The Social Security regulations provide that past work experience will be considered relevant when it "was done within the last 15 years, lasted long enough for [a claimant] to learn to do it, and was substantial gainful activity." 20 C.F.R. § 416.965(a); see also Soc. Sec. R. 82-62. The fifteen-year cutoff date is used because the Secretary recognizes that the skills and abilities necessary to perform most jobs change over time and that it is unrealistic to expect skills and abilities acquired more than fifteen years prior to adjudication to remain relevant in the modern workplace. See 20 C.F.R. § 416.965(a).

As an initial matter, claimant argues that her job as a gas station cashier for four to five months in 1978 and 1979 was too brief in duration to allow the ALJ to presume that she had acquired the skills necessary to do the job, and that the ALJ erred in "mechanically" applying the fifteen-year standard. We disagree. The vocational expert (VE) classified claimant's previous work as unskilled. App. Vol. II at 44. Because a person, by definition, does not acquire work skills doing an unskilled job, see 20 C.F.R. § 416.968(a), the rationale behind the fifteen-year repose provision of the regulations does not apply, and thus, any error in the ALJ's reliance on § 416.965(a) was harmless.[1]

---

[1] Because application of § 416.965(a) was unnecessary to the determination of this case, we do not address claimant's argument regarding when the period of adjudication referred to in Soc. Sec. R. 82-62 begins for purposes of calculating the fifteen-year period.

Alternatively, the four to five month period claimant worked as a gas station cashier was presumably adequate time to learn the job. See 20 C.F.R. § 416.968(a)(noting that a person can typically learn an unskilled job in thirty days). The VE classified claimant's former job as a cashier II which, according to the Dictionary of Occupational Titles (DOT), requires a maximum of thirty days to learn. D.O.T. § 211.462-010, Vol. I at 183, Vol. II at 1009. And finally, claimant's own testimony that she could do the job again if allowed to change position occasionally and if the employer knew of her inability to read and write, see App. Vol. II at 37-38, provides substantial evidence for the ALJ's determination.

Claimant next argues that the ALJ failed to consider her illiteracy when determining that she could do her past relevant work. To the contrary, the VE testified that a person does not need to be able to read and write to work as a gas station cashier. Id. at 46. Claimant's testimony was that her prior work involved completing reports which was done "more or less by the numbers that come off of my pumps and the figures out of my cash register, it was just figures and money," id. at 27-28, and that her previous employer taught her how to fill out the required reports. She did not testify that her employer was required to continue providing this assistance past the initial learning period in an effort to compensate for

claimant's illiteracy. In fact, claimant told a disability examiner that her inability to read had never affected her ability to work. Id. at 110.

With regard to evidence of claimant's obesity, claimant testified that her prior job required her to stand for seven hours at a time but that she can now stand for only thirty minutes at a time and for three hours out of an eight-hour workday. The VE, however, testified that a gas station cashier job would allow a person to change position. Id. at 44. A decision that a claimant can perform past relevant work is supportable if the evidence indicates that the claimant can do that past work either as actually preformed or as typically performed in the national economy. See Soc. Sec. R. 82-61; Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1050 (10th Cir. 1993). Further, while there is evidence in the record that claimant has exertional and postural limitations due to obesity, see App. Vol. II at 77-78, 149, no doctor has told claimant to cut back on her normal activities, id. at 98. There is no evidence that claimant's obesity precludes her from doing her past relevant work as it is generally performed in the national economy.

Finally, claimant's argument that the ALJ should have applied the advanced age regulations to find claimant disabled begs the question. Those regulations only apply after it has been determined that a claimant cannot perform the activities of his or her past relevant work. See 20 C.F.R. § 416.960(c).

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge