**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 28 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ROBERT S. MCINTIRE,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,[*]

      Defendant-Appellee.

No. 97-6181
(D.C. No. 96-CV-469)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[**]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

      Claimant Robert S. McIntire appeals from the district court's order

affirming the Commissioner's decision denying his application for disability

---

[*]     Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for John J. Callahan, former Acting Commissioner of Social Security, as the defendant in this action.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

benefits and supplemental security income.*** Claimant alleged disability from December 1993, due to insulin-dependant diabetes, diabetic retinopathy resulting in a marked loss of vision, and back pain. In what became the final decision of the Commissioner, the administrative law judge (ALJ) concluded, at step four of the sequential analysis, see 20 C.F.R. §§ 404.1520, 416.920; Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), that claimant could return to his past relevant work.

On appeal, claimant asserts that (1) the ALJ failed to include all of claimant's visual impairments in his residual functional capacity (RFC) assessment; (2) the ALJ's credibility determination was not supported by substantial evidence; and (3) the ALJ's step-four determination of no disability was based on inappropriate reliance on the incorrect testimony of the vocational expert.

We have jurisdiction over this appeal pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We review the Commissioner's decision to determine whether his factual findings are supported by substantial evidence in the record viewed as a whole and whether he applied the correct legal standards. See Andrade v.

---

*** After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994) (citations and quotation omitted). "In addition to a lack of substantial evidence, the [Commissioner's] failure to apply the correct legal standards, or to show us that [he] has done so, are also grounds for reversal." Winfrey v. Chater, 92 F.3d 1017, 1019 (10th Cir. 1996).

Claimant initially alleges that the ALJ failed to properly consider his vision impairments in his RFC assessment. When determining disability at step four of the sequential analysis, the ALJ must first assess claimant's RFC and then determine whether claimant can perform his past relevant work in light of the limitations found. See id. at 1023-25 (discussing the three phases of step four in detail). The ALJ complied with the first phase by finding that claimant could do "light work that does not involve unprotected heights or dangerous moving machinery." Appellant's App., Vol. II at 20. The ALJ further found that, as described in the regulations, light work required "'lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds[,]'" . . . and "'a good deal of walking or standing, or sitting most of the time with some pushing and pulling of arm or leg controls.'" Id. (quoting 20 C.F.R. §§ 404.1567(b) and 416.967(b)). The ALJ found claimant's subjective

complaints to be "inconsistent with the hearing record as a whole," and unsupported by objective medical evidence. Id. Because we determine that this case requires remand due to errors in the second phase of the step-four analysis, we will discuss claimant's challenge to the ALJ's decision at the first phase later in this order and judgment.

At the second phase of the step-four analysis, the ALJ must develop the record with "'factual information'" regarding the actual work demands of claimant's past relevant work, and whether, given claimant's physical and/or mental limitations, claimant can meet those demands. Winfrey, 92 F.3d at 1024 (quoting SSR 82-62, Soc. Sec. Rep. Serv. Rulings 1975-1982, at 812). Here, the ALJ merely stated that "[w]ithin the last fifteen years, the claimant worked as a manager for a feed lot,"[1] and because the vocational expert had testified that this job was in the light work category, and did not involve heights or moving machinery, he could return to this work activity. Appellant's App., Vol. II at 21.

From the record it appears that twenty-one years of claimant's past work history was spent as manager of the same grain facility. Claimant testified that a

---

[1]     Despite the fact that claimant's representative corrected the ALJ and the vocational expert at the hearing, see Appellant's App., Vol. II at 60-61, in his decision, the ALJ referred to claimant's past relevant work as "manager for a feed lot," id. at 21. Our review of the record indicates that claimant's only work experience at a feed lot was a two-week job putting up fence posts. His job for approximately twenty-one years was as manager of a grain facility.

majority of his duties involved keeping grain accounts and inventory records, and working in the retail store. Although claimant admitted that he was let go from this job due to a restructuring, he also testified that he probably could not return to the job because of his failing eyesight. He also testified that he could no longer get work operating farm machinery because he could not see well enough to drive.

The ALJ did not obtain any information about the specific demands of claimant's past relevant work that would have a bearing, not only on his exertional abilities, but also on his restricted vision and poorly-controlled diabetes. The vocational expert's response to the ALJ's hypothetical did not elaborate on or provide any information regarding the demands of claimant's past work, either as claimant actually performed it or as the work is generally performed in the national economy. As we stated in Winfrey,

> [r]equiring the ALJ to make specific findings on the record at each phase of the step four analysis provides for meaningful judicial review. When, as here, the ALJ makes findings only about the claimant's limitations, and the remainder of the step four assessment takes place in the VE's head, we are left with nothing to review.

92 F.3d at 1025. Thus, because the ALJ failed to adequately develop the record, he was unable to make the necessary findings of fact as to whether, given claimant's impairments, he could meet those demands. Therefore, we must reverse and remand for further proceedings.

Having determined the necessity of remand, we return to claimant's contention that the ALJ erred in not including claimant's visual impairment in his RFC assessment. The medical evidence supports claimant's contention that he suffered with diabetes for many years, was dependant on insulin injections twice a day, and had frequent fluctuations in his blood sugar level. On January 6, 1994, claimant's optometrist, Steve T. Cauble, referred claimant to his medical doctor because he observed "multiple microaneurysms and dot blot hemorrhages" in claimant's eyes. Appellant's App., Vol. II at 162. At that time Dr. Cauble recommended that claimant not drive "because of loss of central visual acuity." Id.

Claimant was then referred to Dr. Stephen R. Fransen, an ophthalmologist in the Health Sciences Center at the University of Oklahoma. Dr. Fransen diagnosed claimant as having "profuse, bilateral diabetic macular edema." Id. at 137. Dr. Fransen reported that claimant complained of "blurring in both eyes with significantly more difficulty on cloudy days or in dim illumination." Id. He further found that claimant's vision fluctuated considerably.

Dr. Fransen recommended that claimant undergo laser treatment which he opined would not reverse the damage, but would offer him a fifty-percent chance of preserving his central vision. On April 15, 1994, following laser treatment on both eyes, Dr. Fransen stated that claimant "sees 20/80+1 on the right side, [and]

-6-

20/100 on the left." Id. at 151. He recommended that claimant wait four months before deciding whether additional laser treatment would be required.

During a follow-up examination on August 2, 1994, Dr. Fransen tested claimant as seeing 20/80 on the right side and 20/160 on the left. He opined that the "edema appears to be resolving on both sides," but that "as the fluid resolves the lipid precipitates out," it may settle in the central fovea of the left eye, a side effect which could not be prevented by further laser treatment. Id. at 167. Dr. Fransen therefore recommended no further treatment as long as claimant's vision remained stable. He requested that claimant return in four months for follow-up.

At the hearing, claimant testified that it was no longer safe for him to drive because of his eyesight, see id. at 39, and that he could not obtain work operating farm machinery because he "can't see what's going on and read the instruments," id. at 48. He further testified that he could not read "unless it's big print." Id. at 52.

Although the medical evidence clearly supports claimant's allegations of visual impairment, the ALJ's assessment of claimant's RFC is completely devoid of any discussion of these limitations. The magistrate judge found that the ALJ's inclusion of the impairments in his hypothetical to the vocational expert at the hearing was sufficient. We do not agree. "[W]hile the ALJ may rely on information supplied by the VE at step four," Winfrey, 92 F.3d at 1025, he may

not "abdicate[] his fact finding and evaluation responsibilities to the VE," id. at 1026.

On remand, in addition to developing the record and making the requisite findings regarding the demands of claimant's past relevant work, we direct the agency to reconsider the medical evidence of claimant's visual impairments and to include an evaluation and discussion of those impairments when reassessing claimant's RFC. Moreover, because of our decision in this case, the ALJ may need to reassess the credibility of claimant's testimony regarding the restrictions imposed by his impairments. We note, however, that our intent here is not to dictate any result, but simply to assure "that the correct legal standards are invoked in reaching a decision based on the facts of this case." Huston v. Bowen, 838 F.2d 1125, 1132 (10th Cir. 1988).

The judgment of the United States District Court for the Western District of Oklahoma is REVERSED and REMANDED to the district court with directions to remand the case to the agency for further proceedings consistent with this order and judgment.

Entered for the Court


Carlos F. Lucero
Circuit Judge