**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 26 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

VEDA L. GOUGOLIS,

        Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

        Defendant-Appellee.

No. 98-5221
(D.C. No. 97-CV-61)
(N.D. Okla.)

ORDER AND JUDGMENT  *

Before **TACHA** , **McKAY** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Veda L. Gougolis appeals the decision of the Commissioner of the Social Security Administration to deny her application for disability insurance benefits. On appeal, we review the decision of the Administrative Law Judge to determine whether his determination is supported by substantial evidence and whether the law was correctly applied. See Kepler v. Chater, 68 F.3d 387, 388 (10th Cir. 1995). While we thoroughly examine the record, we will not reweigh the evidence or substitute this court's opinion for that of the Commissioner. See Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

The district court has dealt admirably with the issues raised by claimant. Only two issues deserve brief elaboration here. With regard to claimant's ability to sit, the district court correctly found that there was no objective medical evidence indicating any limit to claimant's ability to sit. The only evidence regarding any problem sitting is claimant's report to one doctor that her left leg would get numb after prolonged sitting, but that feeling would return after she massaged the leg and stood up and walked around on it. See Appellant's App. at 142. This is insufficient evidence to establish that claimant is impaired in her ability to sit.

Secondly, claimant's argument that, in order to do sedentary work, a person may to be required to walk and/or stand for up to one-third of an eight hour day

does not undermine the ALJ's conclusion that claimant can do her past relevant work. Claimant's disability application indicated that in her past work she sat six to seven hours out of an eight hour day. An evaluation of the requirements of past relevant work can be based either on how the work is typically done in the national economy or on how the particular claimant performed the job. <u>See</u> <u>Andrade v. Secretary of Health & Human Servs.</u>, 985 F.2d 1045, 1050-51 (10th Cir. 1993). There is thus substantial evidence to support the ALJ's conclusion that claimant can do her past sedentary job.

With these comments, and after conducting the review described above, we affirm for substantially the reasons stated by the district court.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge