Manuel C. CARRIL, Jr., Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.

No. CV 02–BU–0115–J.

United States District Court, N.D. Alabama, Jasper Division.

May 17, 2002.

Pat Nelson, Robinson & Nelson, Jasper, AL, for Plaintiff.

Alice H. Martin, United States Attorney, Linda S. Trippe, United States Attorney's Office, Birmingham, Mary Ann Sloan, Haila Naomi Kleinman, Social Security Administration, Office of General Counsel, Atlanta, GA, for Defendant.

## ORDER

BUTTRAM, District Judge.

Based on the Court's review of the record, this case is hereby REVERSED and REMANDED to the Commissioner for reconsideration.

■ The record contains evidence, in the form of a consultative evaluation report completed by Alan D. Blotcky, Ph.D., of a severe mental impairment. Said report diagnoses Plaintiff as suffering major depressive disorder and chronic pain. The Administrative Law Judge rejected this evidence—the only evidence provided by a mental health professional relating to the impairment and/or its resulting limitations—and found that Plaintiff did not suffer a mental impairment and that he did not have any restriction due to depression. However, rejection of the only medical evidence of a mental health impairment is not substantial evidence to support the Administrative Law Judge's finding that Plaintiff did not suffer a mental impairment. *See* 42 U.S.C. § 421(h); *Wilder v. Chater,* 64 F.3d 335, 337 (7th Cir.1995).[1] *Cf. Stanton*

---

1. In a similar situation, the Seventh Circuit Court of Appeals held:

We are led to consider with a degree of suspicion the administrative law judge's decision to go against the only medical evidence in the case, that of a psychiatrist not retained by the applicant but appointed by the administrative law judge himself to advise on Wilder's condition. Of course the administrative law judge is not required or indeed permitted to accept medical evidence if it is refuted by other evidence—which need not itself be medical in nature—and of course our review is deferential, and of course it is far from certain that Wilder was disabled in 1986. But the administrative law judge's analysis is so deficient that we must remand the case. The psychiatrist's testimony, though conclusional (but then no one pressed him to elaborate the grounds for his conclusions), was the only direct testimony concerning the critical issue of the date of onset of Wilder's disabling depression. Severe depression is not the blues. It is a mental illness; and health professionals, in particular psychiatrists, not lawyers or judges, are the experts on it. The question what stage a physical or mental illness had probably reached some years before it was first diagnosed is a medical question, and the

uncontradicted evidence of the only disinterested expert to opine upon it is entitled to considerable weight. *Scivally v. Sullivan,* 966 F.2d 1070, 1076 (7th Cir.1992); *Pugh v. Bowen,* 870 F.2d 1271, 1274 (7th Cir.1989); *Lichter v. Bowen,* 814 F.2d 430, 434 (7th Cir.1987); *Rivera v. Sullivan,* 923 F.2d 964, 969 (2d Cir.1991). We do not say conclusive weight; but the facts on which the administrative law judge relied to contradict that evidence are singly and together unimpressive. The medical records were of purely physical ailments for which Wilder had sought help, and there is no reason to expect a doctor asked about an eye problem, or a back pain, or an infection of the urinary tract to diagnose depression. *Cf. Spellman v. Shalala,* 1 F.3d 357, 363 (5th Cir.1993); *Rivera v. Sullivan, supra,* 923 F.2d at 969. He is not looking for it, and may not even be competent to diagnose it. Because depression is a serious risk factor for suicide, doctors are constantly being urged to watch out for depression in their patients. The urging is needed because doctors who are not psychiatrists are slow to diagnose a mental illness, such as depression, that is not manifested in wild behavior. *See, e.g.,* Harold C. Schulberg et al., *Major Depression in Primary Care Practice: Clinical Characteristics*

*v. Apfel,* 2000 WL 1005817, *6 (S.D.Ala.)(district court found substantial evidence to support ALJ's determination that Plaintiff did not have a mental impairment; Court rejected one consulting psychologist's report and finding of no impairment was supported by second consulting psychologist's report.).

■ If the Administrative Law Judge "was in doubt as to the validity of [Plaintiff's depression], he should have sought clarification of the test results ... or ordered additional testing. Because of the Commissioner's duty to develop the medical record fully and fairly 'it is reversible error for an [Administrative Law Judge] not to order a consultative examination when such an evaluation is necessary for him to make an informed decision.'" *Berryman v. Massanari,* 170 F.Supp.2d 1180, 1185 (N.D.Ala.2001)(quoting *Holladay v. Bowen,* 848 F.2d 1206, 1209 (11th Cir.1988)(quoting *Reeves v. Heckler,* 734 F.2d 519, 522 n. 1 (11th Cir.1984)) (internal quotation marks omitted)); *see also Andrade v. Secretary of Health and Human Servs.,* 985 F.2d 1045 (10th Cir.1993)(ALJ abused discretion by assessing residual functional capacity without assistance of a mental health professional when there was evidence of depression, several months of weekly treatment, and letter offered at hearing stating plaintiff was totally mentally disabled).

■ The Court finds that the Commissioner's decision is not supported by substantial evidence. Therefore, based on the foregoing, and pursuant to this Court's power to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), the Court hereby REVERSES

the Commissioner's decision and RE-MANDS this cause to the Commissioner for further proceedings including, but not limited to, reconsideration of Plaintiff's depression as a "severe impairment" and what, if any, functional limitations result from such depression.[2]

*and Treatment Implications,* 36 PSYCHOSOMAT-ICS 129 (1995).
*Wilder v. Chater,* 64 F.3d 335, 337 (7th Cir. 1995).

**2.** The Administrative Law Judge shall consider also whether Plaintiff's depression exacerbates his pain and/or supports Plaintiff's testimony regarding his pain.