**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 16, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

JULIE ESPINOZA,

    Plaintiff - Appellant,

v.

COMMISSIONER, SSA,

    Defendant - Appellee.

No. 23-1205
(D.C. No. 1:22-CV-01871-MEH)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, **PHILLIPS**, and **ROSSMAN**, Circuit Judges.
_____

Julie Espinoza appeals from the district court's order affirming the Social Security Commissioner's denial of her application for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act. Exercising jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

In July 2019, Ms. Espinoza applied for DIB and SSI.  After the agency denied her application, she requested a hearing before an administrative law judge (ALJ). The ALJ held a hearing at which Ms. Espinoza and a vocational expert testified. Ms. Espinoza alleged that in August 2018 she became disabled due to chronic obstructive pulmonary disease, obstructive sleep apnea, morbid obesity, and gastroesophageal reflux disease.

Proceeding through the traditional five-step evaluative framework for social security claimants,[1] the ALJ found at step four Ms. Espinoza was not "disabled" under the Social Security Act and therefore not entitled to DIB or SSI.  The ALJ also found, alternatively, that Ms. Espinoza was not disabled at step five because there existed other occupations in significant numbers in the national economy

---

[1] We have described the five-step process as follows:

> Social Security Regulations mandate that the ALJ who determines a claim for benefits under the Social Security Act follow a five-step evaluation:  (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing [her] past relevant work; and (5) whether the impairment precludes the claimant from doing any work.  If at any point in the process the [Commissioner] finds that a person is disabled or not disabled, the review ends.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citation, footnote, and internal quotation marks omitted); *see also* 20 C.F.R. § 404.1520(a)(4) (discussing the five steps).

she would still be capable of performing.  The Social Security Appeals Council denied Ms. Espinoza's request for review.  Ms. Espinoza then sought review in district court.  A magistrate judge, hearing the case by consent under 28 U.S.C. § 636(c), issued a thorough written order affirming the final decision of the Commissioner.  This appeal followed.

## DISCUSSION

In an appeal of a social security benefits determination, "we engage in de novo review of the district court's ruling." *Smith v. Colvin*, 821 F.3d 1264, 1266 (10th Cir. 2016).  "In conducting de novo review, we must determine whether the administrative law judge correctly applied legal standards and made findings supported by substantial evidence." *Id.*  "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  "A finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (internal quotation marks omitted).  For the reasons explained by the district court, we affirm the district court's ruling that the ALJ's findings were supported by substantial evidence.  *See* Aplt. App. vol. 1 at  7-60.

Ms. Espinoza advances four arguments on appeal.  First, she asserts the ALJ's decision failed to include:  "(1) A finding of fact as to [her] [residual functional capacity (RFC),] (2) A finding of fact as to the physical and mental demands of the past job/occupation, and (3) A finding of fact that [her] RFC would permit a return to

[her] past job or occupation." Aplt. Opening Br. at 10. The record belies this assertion. The ALJ found Ms. Espinoza

> has the residual functional capacity to perform a range of light work . . . . The claimant could only lift or carry up to ten pounds frequently and twenty pounds occasionally. The claimant could stand or walk with normal breaks for a total of six hours in an eight-hour workday and sit with normal breaks for a total of six hours in an eight-hour workday. She could perform pushing and pulling motions with her upper and lower extremities within the weight restrictions given. The claimant should avoid unprotected heights and moving machinery. The claimant should be restricted to a relatively clean work environment, meaning low levels of pollutants. The claimant could perform postural activities frequently, and those would be balancing, stooping, crouching, and kneeling. She should not climb any ladders, ropes, or scaffolds on the job. The claimant could occasionally climb ramps and stairs, and occasionally perform crawling. She could reach overhead bilaterally but would be limited to only frequent [reaches].

Aplt. App. vol. 2 at 27. The ALJ further found, relying largely on the unrebutted testimony of the vocational expert, that an individual subject to those limitations could still perform Ms. Espinoza's past relevant work as a general clerk, the duties for which are spelled out in the Dictionary of Occupational Titles. And, the regulations permit the use of the Dictionary and vocational expert testimony in this way. *See* 20 C.F.R. § 404.1560(b)(2) ("We may use the services of vocational experts . . . or other resources, such as the 'Dictionary of Occupational Titles' and its companion volumes and supplements, published by the Department of Labor, to obtain evidence we need to help us determine whether you can do your past relevant work, given your residual functional capacity. A vocational expert . . . may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, *either* as the claimant

4

actually performed it *or as generally performed in the national economy*." (emphasis added)); *see also Andrade v. Sec'y of Health & Hum. Servs.,* 985 F.2d 1045, 1051 (10th Cir. 1993) ("The ALJ may rely on the Dictionary's job description for claimant's job category as presumptively applicable to a claimant's prior work." (internal quotation marks and italics omitted)). Although Ms. Espinoza expresses disagreement with the ALJ's findings, she does not show they lack substantial evidentiary support. The ALJ carefully explained how the record contradicts her claimed limitations.

Second, Ms. Espinoza argues the ALJ erroneously considered the availability of reasonable accommodations when concluding she could still perform her past relevant work. Ms. Espinoza is correct that, "when the [agency] determines whether an individual is disabled for SSDI purposes, it does *not* take the possibility of 'reasonable accommodation' into account." *Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 803 (1999). But the ALJ did not do so here. Rather, the ALJ found Ms. Espinoza's "past relevant work . . . does not require the performance of work-related activities precluded by [her RFC]." Aplt. App. vol. 2 at 31. And Ms. Espinoza acknowledges her RFC did not include a special reasonable accommodation provision, even asserting elsewhere that the restrictions the ALJ imposed were merely "normal safety procedures offered to any worker," Aplt. Opening Br. at 11. So, the ALJ's past-relevant-work finding did not improperly depend on the availability of reasonable accommodation.

5

Third, Ms. Espinoza asserts the ALJ failed to adequately address the opinions of Dr. Marcel Junqueira and Dr. Barton Giessel. But the records she describes from those doctors are not "medical opinions" as the social security regulations define that term. *See* 20 C.F.R. § 404.1513(a)(2) (defining "medical opinion" as "a statement from a medical source about what [a claimant] can still do despite [her] impairment(s) and whether [she has] one or more impairment-related limitations or restrictions in" certain enumerated work-related functional areas). The regulations therefore required the ALJ to consider the records from Doctors Junqueira and Giessel, *see id.* § 404.1520(a)(3), but they did not require the ALJ to explicitly discuss them like medical opinions, *compare id.* § 404.1520c(a) ("We will articulate how we considered the medical opinions . . . in your claim . . . .") and (b) (listing "articulation requirements") *with id.* § 404.1513(a)(3) (defining "[o]ther medical evidence" as "evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis"). And some of the medical records Ms. Espinoza cites come from visits after the ALJ's December 2021 decision, *see* Aplt. Opening Br. at 13–14 (citing Aplt. App. vol. 2 at 9, 10, 14, which relate to an office visit with Dr. Giessel on January 18, 2022), so we will not fault the ALJ for not considering them.[2]

_____

[2] Ms. Espinoza appears to suggest the ALJ was required to give specific weight to the "opinions" of Doctors Junqueira and Giessel as Ms. Espinoza's treating physicians. Because Ms. Espinoza's claim was filed after March 27, 2017, we must

Fourth, Ms. Espinoza argues the ALJ did not adequately justify rejecting Dr. Matthew Harmon's medical opinion, which advocated a somewhat more restrictive RFC.[3]  But the ALJ set forth on the record sound reasons for discounting this opinion, including Ms. Espinoza's "grossly normal physical exams" that indicated "normal strength in her bilateral upper and lower extremities" and "normal gait."  Aplt. App. vol. 2 at 30.  Even if the ALJ could have chosen to weigh Dr. Harmon's opinion more favorably, the record does not reveal a "conspicuous absence of credible choices," *Trimiar*, 966 F.2d at 1329 (internal quotation marks omitted), so we will not disturb this factual finding.  We reject Ms. Espinoza's contention that the ALJ's factual findings were incomplete or insufficient.[4]

---

disagree.  The Commissioner's revised regulations indicate an ALJ will not "defer or give any specific evidentiary weight, including controlling weight," to any medical opinions.  20 C.F.R. § 404.1520c(a).

[3] Dr. Harmon opined Ms. Espinoza "could stand and walk for four hours in a normal workday[,] . . . lift and carry ten pounds frequently and fifteen pounds occasionally[, and] . . . could occasionally perform postural activities, but . . . should use a cane for longer distances and uneven terrain."  Aplt. App. vol. 2 at 30.

[4] Ms. Espinoza urges this court to adopt the Ninth Circuit's "credit-as-true" doctrine, *see Garrison v. Colvin*, 759 F.3d 995, 1019–21 (9th Cir. 2014), and remand for an immediate award of benefits rather than for additional factfinding.  That doctrine applies "where it is clear from the administrative record that the ALJ would be required to award benefits."  *Id.* at 1019 (internal quotation marks omitted).  We do not reach this argument, though, because Ms. Espinoza has not shown any error necessitating remand.

**CONCLUSION**

We affirm the judgment of the district court.

Entered for the Court

Veronica S. Rossman
Circuit Judge