F I L E D
United States Court of Appeals
Tenth Circuit

JUN 20 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

BONNIE R. BREWER,

     Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security Administration,

     Defendant-Appellee.

No. 96-5251
(D.C. No. 95-CV-877)
(N.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before EBEL, HENRY, and MURPHY, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is

therefore ordered submitted without oral argument.

Bonnie R. Brewer appeals from an order of the district court affirming the

Commissioner's decision denying her application for social security disability

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

benefits. Ms. Brewer filed for disability benefits on April 29, 1993. The alleged basis of her disability is respiratory illness, back pain, fibromyalgia, scoliosis, degenerative disc disease, sciatica, and emotional stress. Her application was denied initially and on reconsideration.

Following a de novo hearing on July 31, 1994, an administrative law judge (ALJ) determined that she was not disabled within the meaning of the Social Security Act. Ms. Brewer thereafter filed a complaint in district court, and the case was assigned to a magistrate judge for final disposition by consent of the parties. See 28 U.S.C. § 636(c)(1). The magistrate judge initially ordered the case remanded to the Commissioner, then reversed that order upon consideration of the Commissioner's motion to amend the judgment, and affirmed the Commissioner's decision. Ms. Brewer then appealed to this court.

We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record viewed as a whole and whether the correct legal standards were applied. See Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir. 1989) (quotation omitted).

The Commissioner has established a five-step evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five-step disability test). When the analysis reaches step five, the Commissioner bears the burden of showing that a claimant retains the capacity to perform other work and that such work exists in the national economy. See id. at 751.

The ALJ determined that Ms. Brewer retained the residual functional capacity (RFC) to perform a wide range of light work, subject to certain exertional and non-exertional limitations. Given her RFC, the ALJ further determined that Ms. Brewer could not return to her past relevant work. Reaching step five, however, he found that there were jobs within the national economy which she could perform. The ALJ applied the Medical-Vocational Guidelines, 20 C.F.R. § 404, Subpt. P, App. 2, rules 202.12 and 202.19 (the grids) as a framework, considered testimony from a vocational expert, and concluded that Ms. Brewer was not disabled.

I.

Ms. Brewer challenges the ALJ's conclusion, at step two, that her mental impairments were not severe. She relies on the testimony of Dr. Williams, a consulting general practice physician, who found that she suffered from anxiety,

-3-

depression and from a somatoform-like disorder. Dr. Williams opined that her anxiety and depression, in conjunction with her physical complaints, were of disabling severity.

The ALJ permissibly rejected Dr. Williams's opinion. His opinion, as a consultant, was not entitled to the same weight as that of a treating physician. See Washington v. Shalala, 37 F.3d 1437, 1441 (10th Cir. 1994). The portion of Dr. Williams's opinion concerning Ms. Brewer's mental condition was brief, conclusory, and unsupported by medical evidence. See Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990). Moreover, Dr. Williams did not diagnose Ms. Brewer with a somatoform-like disorder. He merely stated that "[s]he has been diagnosed as having a condition where her belief [sic] that her illnesses are more significant than they appear on a physical basis." Appellant's App., Vol. I at 165 (emphasis added). The previous diagnosis referred to by Dr. Williams, if it exists, does not appear in the record.[1]

---

[1] The closest thing to a diagnosis of a somatoform-like disorder is contained in Dr. Seebass's letter of May 19, 1993, in which he indicates that Ms. Brewer's breathing problems have a "[s]trong supratentorial [that is, psychological] component." Appellant's App., Vol. I at 115. This statement, however, falls short of a diagnosis of a mental impairment. Even if some document containing a more definitive diagnosis exists, the ALJ did not have a duty to develop the record by obtaining it, since there has been no showing that it was available to him or brought to his attention. See Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996) (ALJ must obtain pertinent, available records which come to his attention).

Ms. Brewer's testimony at the hearing, and the other evidence in the file, supports the ALJ's conclusion that her anxiety and depression have not adversely affected her activities of daily living, social functioning, concentration, or persistence of pace, or caused deterioration or decompensation in work or work-like settings. See 20 C.F.R. § 404.1520a(c)(1). Her treating physicians noted a psychological component to her breathing problems; however, Ms. Brewer does not contest the Commissioner's finding that her breathing problems are well-controlled by her medications. The mere fact that there is a psychological overlay to her breathing problems does not mean that she has a psychological problem which prevents her from working. See Coleman v. Chater, 58 F.3d 577, 580 (10th Cir. 1995).

Ms. Brewer also raises numerous, procedural issues concerning the ALJ's evaluation of her mental impairments. She complains that in reaching his conclusion that she did not suffer episodes of decompensation from a mental disorder, the ALJ relied on an exhibit completed by another claimant, which somehow found its way into her file. Although we agree that the ALJ erred in considering and relying on the exhibit, this error does not mean that the ALJ's decision lacks substantial evidence. In making the substantial evidence determination, we look at the record as a whole. See Berna v. Chater, 101 F.3d 631, 632 (10th Cir. 1996).

Ms. Brewer argues that the ALJ should have obtained the assistance of a mental health professional in completing the Psychiatric Review Technique (PRT) form. Although by statute, the Commissioner is required to make every reasonable effort to ensure that a qualified psychiatrist or psychologist assesses the claimant's mental RFC, see 42 U.S.C. § 421(h), the Commissioner's regulations interpreting the statute allow an ALJ to complete a PRT form without the assistance of a medical advisor, see 20 C.F.R. § 404.1520a(d)(1)(i).

Ms. Brewer contends that Andrade, 985 F.2d 1045, required the ALJ to obtain professional assistance in completing the PRT form. In Andrade, we held that where the ALJ's conclusions regarding the extent of the claimant's mental impairment were unsupported by substantial evidence, the ALJ also erred by assessing the claimant's RFC without making any effort to obtain the assistance of a mental health professional. See id. at 1050. In this case, however, where the ALJ's determination concerning Ms. Brewer's mental impairments is supported by substantial evidence, and the record lacks any evidence seriously challenging the ALJ's assessment of her mental RFC, it was not improper for the ALJ to complete the form himself. See Bernal v. Bowen, 851 F.2d 297, 302-03 (10th Cir. 1988).

Ms. Brewer further argues that the ALJ failed in his duty to develop the record concerning her mental impairments. See Carter, 73 F.3d at 1021-22

(discussing duty to develop record where there is evidence of a mental impairment). She contends that the ALJ should have ordered a consultative examination of her mental status. The ALJ has broad latitude in determining whether to order a consultative examination. See Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 778 (10th Cir. 1990). Given the absence of a substantial issue concerning Ms. Brewer's mental impairment, the ALJ acted within his discretion in not ordering a consultative examination. See Hawkins v. Chater, No. 96-5110, 1997 WL 249150, at *5 (10th Cir. May 13, 1997).

Finally, Ms. Brewer argues that the ALJ failed to consider her mental impairments in combination with her physical impairments. In assessing a claimant's RFC, the ALJ must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." See Soc. Sec. Ruling 96-8p, 1996 WL 374184, at *5 (July 2, 1996). The ALJ stated in his decision that in addressing her RFC, he gave Ms. Brewer's "subjective complaints . . . full consideration, both individually and in combination." Appellant's App., Vol. I at 23. Thus, he properly considered the impairments in combination.

## II.

In her next issue, Ms. Brewer argues that the ALJ erred in several respects in propounding his hypothetical questions to the vocational expert (VE). She first claims that she cannot sit or stand long enough to perform either light or

sedentary work, as the hypotheticals and the ALJ's ultimate RFC evaluation indicate. The ALJ's RFC determination is supported by substantial evidence, however, and his question to the VE was proper. Among other evidence, a Residual Physical Functional Capacity Assessment, conducted on November 5, 1993, indicated that Ms. Brewer could occasionally lift fifty pounds, frequently lift twenty-five pounds, and that she could stand or walk for about six hours in an eight-hour day, or sit for six hours in an eight-hour day. See Appellant's App., Vol. I at 55.

Ms. Brewer claims the VE was confused and first said, in response to a hypothetical question, that Ms. Brewer could not do light work, then reversed herself and said she could do some light jobs. However, the VE stated, in response to the hypothetical question, that Ms. Brewer could not return to her past relevant work, not because the jobs she had done were at the light exertion level, but because they involved bending and twisting, and because of reduced grip strength. See id. at 204-05. She then identified some light and sedentary jobs which she believed Ms. Brewer could perform, which presumably did not involve repetitive bending or twisting, or full grip strength. See id. at 205-06.

Ms. Brewer complains that the VE misclassified an advertising materials distributor job as a sedentary position, while the Dictionary of Occupational Titles describes it as a light job. Even assuming the VE erred, this error is of no

consequence, because the ALJ found that Ms. Brewer had the RFC (with certain enumerated restrictions) to perform both light and sedentary work.

Ms. Brewer raises a number of issues concerning the VE's testimony which she fails to show were raised before the district court. These include:

(1) Whether she could work as a recreation attendant, such as a desk clerk at a bowling alley, when there was no showing that any smokeless bowling alley exists in Oklahoma.

(2) Whether she could work as a hand packager, when this job would require frequent manual gripping and the VE acknowledged that she could not do jobs of this type.

(3) Whether the existence of 70 jobs in Oklahoma as a scale man at a rock quarry constitutes a "significant number of jobs in the economy."

(4) Whether dust at rock quarries would prevent Ms. Brewer from being a scale man at a quarry.

This court declines to consider any of these issues. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994) (holding court will not consider issues not raised before the district court).

III.

As her final issue, Ms. Brewer claims that the ALJ failed to consider her psychological problems in conjunction with her physical problems in assessing her perception of pain. This issue also was not raised before the district court. The magistrate judge stated in his opinion that she alleged "without any elaboration, that the ALJ improperly evaluated her complaints of pain." Appellant's App., Vol. II at 22. There is no indication that this particular issue was presented to the district court. Therefore, under Crow, we also decline to consider it.

IV.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge