**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 16 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JONATHAN ATKINSON,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 98-6420
(D.C. No. 97-CV-1233-A)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **BARRETT** , and **McKAY** , Circuit Judges.

---

    After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Jonathan Atkinson appeals from an order of the district court affirming the Commissioner's determination that he is not entitled to Social Security disability benefits. We affirm.

We review the Commissioner's decision to determine whether his factual findings were supported by substantial evidence in light of the entire record and to determine whether he applied the correct legal standards. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotations omitted). In the course of our review, we may "neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Mr. Atkinson alleged disability as of February 4, 1993, due to chest pain, shortness of breath, dizziness, headaches, back pain, eye and ear problems. The administrative law judge (ALJ) determined that Mr. Atkinson was not disabled at step four of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), as he could perform his past relevant work as a spray painter, machine operator supervisor, or quality control supervisor.

On appeal, Mr. Atkinson argues that the ALJ's findings at step four are not based on substantial evidence. He also contends the ALJ's pain and credibility

findings are not linked to the evidence and he failed to ask hypothetical questions of the vocational expert (VE). Mr. Atkinson concludes he should be found disabled pursuant to the grids and 20 C.F.R. § 404.1563(d).

Mr. Atkinson argues that the ALJ's findings at step four are not based on substantial evidence because he did not comply with the dictates of <u>Winfrey v. Chater</u>, 92 F.3d 1017 (10th Cir. 1996). Mr. Atkinson posits that, at the <u>Winfrey</u> phase two, <u>see</u> <u>id.</u> at 1024, the ALJ failed to obtain the information he should have regarding the exertional demands of Mr. Atkinson's prior work.

The ALJ determined that Mr. Atkinson could return to his prior work as a spray painter, machine operator supervisor, and quality control supervisor. The supervisory positions were described as light skilled positions.[1] At step four, the claimant bears the burden of proving he cannot return to his past relevant work, *either as he performed it* or as it is performed in the national economy. <u>See</u> <u>Andrade v. Secretary of Health & Human Servs.</u>, 985 F.2d 1045, 1051 (10th Cir. 1993). The record shows that the ALJ questioned Mr. Atkinson extensively about the demands of his past work. Both the VE's description and

---

[1] We do not address the position of spray painter identified by the ALJ as one Mr. Atkinson can still perform because Mr. Atkinson can perform the other two jobs identified by the ALJ. We agree that some problems exist in the ALJ's consideration of the spray painter job because the ALJ did not explain the discrepancy between the maximum amount of weight, ninety-five pounds, Mr. Atkinson testified he lifted; the DOT rating of the job as medium; and his conclusion that Mr. Atkinson could perform the work at the light level.

Mr. Atkinson's description of his prior work as a supervisor show that he performed those jobs at a light exertional level. Mr. Atkinson's attempt to equate his supervisory work with a DOT listing that does not reflect the demands of the job he performed are unavailing.

Mr. Atkinson contends the ALJ's pain and credibility findings are not linked to the evidence and the ALJ did not comply with the Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987) requirements. The record shows that Mr. Atkinson uses over-the-counter medications for pain relief. No physician has opined that Mr. Atkinson is unable to work or that he suffers from any restrictions due to pain other than a limited ability to bend over forty-five degrees. No reversible error occurred.

Mr. Atkinson argues the ALJ erred because he failed to ask hypothetical questions of the VE. Because the ALJ determined that Mr. Atkinson could return to his prior work, "he was under no obligation to seek additional information from a vocational expert." Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994).

Finally, Mr. Atkinson concludes he should be found disabled pursuant to the grids and 20 C.F.R. § 404.1563(d). However, the ALJ's determination that Mr. Atkinson was not entitled to benefits at step four, which we hold was not in error, obviates consideration of this contention. "[A] proper finding of . . . nondisability (at steps two, four, or five) is conclusive and, thus, cannot be

overturned by consideration of a subsequent step[,]" even if, as Mr. Atkinson argues, that subsequent step would dictate a different result. Murrell v. Shalala, 43 F.3d 1388, 1389 (10th Cir. 1994).

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge