**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 12 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LESA F. MORRIS,

       Plaintiff - Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

       Defendant - Appellee.

No. 02-7060
D.C. No. 01-CV-41-W
(E.D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

Lesa F. Morris appeals the denial of her 1995 application for Social

Security supplemental-income and disability-insurance benefits. Social Security

regulations implement a five-step sequential process to evaluate a disability

claim. See Williams v. Bowen , 844 F.2d 748, 750–52 (10th Cir. 1988) (detailing

---

\*     The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

steps). As to her claim for benefits for the period between 1993—the onset of her alleged disability—until the end of 1994, the administrative law judge ("ALJ") denied benefits at step one of the relevant analysis, concluding that in light of her substantial gainful employment during that period, Morris was not disabled. As to her claim for benefits for the period after 1994, the ALJ denied benefits at step four, finding that Morris' residual functional capacity (RFC) was limited only by poor visual acuity and that she could return to her past work as a packager, egg gatherer, poultry worker, silver wrapper, and cafeteria attendant. Both the Appeals Council and the district court affirmed the ALJ's denial of benefits.

We exercise jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). Our review, however, is limited to evaluating whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir. 1995). Morris challenges the ALJ's denial of benefits for the period after 1994 on two grounds. First, she contends that the ALJ failed to consider her alleged impairments in combination, as required by applicable law. See Hargis v. Sullivan, 945 F.2d 1482, 1491 (10th Cir. 1991) (citing 42 U.S.C. § 423(d)(2)(C)). Second, she argues that the ALJ failed properly to assess the credibility of her testimony at the hearing.

In support of these claims, however, Morris essentially contends that the medical record shows that her alleged impairments were more serious or severe than determined by the ALJ. We may not reweigh the evidence or substitute our judgment for that of the agency. <u>Casias v. Sec'y of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Further, the record does not support Morris' assertions that the ALJ failed to view her alleged impairments in combination or improperly assessed her credibility. More importantly, Morris does not argue or demonstrate that the ALJ erred in his determination of her residual functional capacity or in his ultimate conclusion that she could perform her past relevant work. Claimant bears the burden at step four to show that she is unable to return to her past jobs or occupations. <u>See</u> <u>Andrade v. Sec'y of Health & Human Servs.</u>, 985 F.2d 1045, 1051 (10th Cir. 1993). Because we conclude, based on our careful review of the record, that substantial evidence in the record supports the ALJ's ultimate determinations as to Morris' RFC and her resulting ability to work, we must affirm the agency's denial of benefits. Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-3-